* JAMES FRUIT, RESPONDENT, *v.* BETHUEL [282] PHELPS AND ———— GOODWIN, APPELLANTS.

CONTRACT TO DELIVER LUMBER, CONSTRUED.—The plaintiff contracted with a mill on Puget Sound for the purchase and delivery to him of certain lumber, to be paid for in goods on the arrival of a ship on the Sound, at any time after six weeks from the date of the contract, upon giving three days notice, and assigned the contract to defendants, who, after the expiration of that time, went to the Sound, gave three days verbal notice under the contract, and demanded the lumber, but failed to receive it, because it had not been paid for by the plaintiff. In a suit by the plaintiff against the defendants to recover the consideration of the assignment, the defendants set up in defense a failure of consideration. *Held,* that it was not necessary for defendants to notify plaintiff of the time *when* they should make the demand, nor to give a *written notice* to the mill, no such stipulation being required in the contract; that the plaintiff was bound to be ready to pay for the lumber whenever the ship should be at the mill to receive it and the mill ready to deliver it; that the delivery was not a condition precedent, as the conditions were concurrent; that the defendants were not bound to prove that the plaintiff was not ready to pay, etc.; and that the fact that he did not pay, and that delivery was refused in consequence thereof, was sufficient to sustain the defense.

APPEAL from the Fourth Judicial District.

Mr. Justice WELLS delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The defense set up in this case is a failure of consideration. This consideration is a transfer of a contract for sale and delivery of certain lumber, coupled with a condition that the plaintiff should perform his part. By the terms of the contract, the plaintiff was to pay for the lumber in goods, on the arrival of the ship at Puget Sound. The lumber was to be delivered alongside any ship that the plaintiff should designate, at any time after six weeks from the date, upon three days' notice.

I think the referee erred in deciding that the notice should be given in writing. The plaintiff knew when the six weeks had expired, that his assignee could at any time after the six weeks, upon three days' notice, demand

[283]    a delivery of the lum- *ber, and a compliance with the contract. It cannot be said that the delivery was a condition precedent. The conditions were concurrent, and the plaintiff should have been ready to pay whenever the ship should be at the mills to receive, and the party ready to deliver. The fact of the absence of the plaintiff in a remote region, is no excuse for his failure to fulfil. He must abide by the terms of his contract, and if business or necessity required his absence, he should have provided through his agent to perform the conditions of the contract he had entered into. I cannot comprehend by what course of reasoning the referee arrived at the conclusion that it was incumbent on the defendants to give a written or other notice than that required by the terms of the contract, even though it was, as alleged, perfectly practicable for them to have done so; nor can I conceive by what rule of law or reason that giving such a notice, as was not called for by the terms of the contract, was a condition precedent to be performed in order to fix the plaintiff with the consequences of a non-performance. Nor can I see why the defendants should have been called upon to produce testimony to prove that the plaintiff was *not ready* to pay at the time when the lumber should have been delivered. The fact that he *did not pay*, and that delivery was refused in consequence thereof, was sufficient to sustain the defense.

I concur fully with my associate, that the plaintiff should have been ready to have paid for the lumber when the demand was made by the assignee within the time stipulated. If the decision of the referee were to be upheld, we should be adding new conditions to the obligations formed by the terms of the contract.

The judgment is reversed and the cause remanded.